## The Cleveland, C. C. & St. L. R'y Co. v. Nathan E. Holden.

1. LIENS—*Of Common Carriers.*—Liens of common carriers upon goods transported by them are created only by law or by contract of the parties, and when the law gives no lien, neither party can create it without the consent of the other.

2. SAME—*Extent of the Lien.*—The lien allowed the carrier by law extends only to his charges for the transportation of the goods, and does not include expenses for warehousing them.

3. SAME—*Right of Demurrage.*—The right to demurrage does not attach to carriers by rail. (Chicago & N. W. R'y Co. v. Jenkins, 103 Ill. 588.)

4. RAILROADS—*Publication of Rules, Presumptions, Demurrage.*—When a railroad company has established rules providing for demurrage and published them to the public no presumption will be indulged against a shipper that he consented to a charge for demurrage because at the time of his shipment he understood what the rule was.

5. SAME—*Right of Demurrage in the Absence of a Contract.*—A rule of a railroad company providing that forty-eight hours will be allowed for the loading or unloading of any commodity, after which a charge of $1 per car per day, or fraction thereof, will be made in the absence of a contract with the shipper to that effect, gives the company no lien upon the consignment for such charge.

Cleveland, C. C. & St. L. R'y Co. v. Holden.

**Replevin.** Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

## STATEMENT OF THE CASE.

This is an action of replevin brought by appellee to recover from appellant three hundred and sixty bunches of shingles valued at $216. To the declaration the following plea was interposed:

4. And for a further plea in this behalf, the defendant says that the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that before said time when, etc., in the said declaration alleged, on, to wit, December 31, A. D. 1896, the defendant, in conjunction with twenty-seven other railroad companies, through their joint car service agency, Ashley J. Elliott, manager, for the purpose of preventing loss and inconvenience to shippers and to each of said railroad companies, caused by cars being unnecessarily detained in unloading freight, incumbering tracks, and preventing both shippers and the railway companies from the use of such cars, adopted and promulgated the following rules, to wit:

## RULES OF THE ILLINOIS CAR SERVICE ASSOCIATION.

Forty-eight (48) hours will be allowed for the loading or unloading of any commodity without charge, after which a charge of $1 per car per day or fraction thereof shall be made.

Cars detained at any point by reason of being billed to order and awaiting bills of lading or instructions as to disposition or detained on account of neglect of consignors to furnish shipping instructions, or by reason of improper, unsafe or excessive loading, are subject to car service rules.

Cars are not subject to orders for loading, either by the owners of property contained therein or any other shipper, until they are empty.

Cars for private slidings shall be considered delivered when actually placed on the tracks designated, or when they would have been placed had such tracks permitted.

Agents will collect car service charges accruing under the rules regardless of the condition of the weather.

Claims should be made direct to the manager with paid car service bills attached. The manager will investigate and decide each case upon its merits.

All complaints which may arise from nonconformity with the rules should be taken up directly with. the manager.

ASHLEY J. ELLIOTT, Manager.

And defendant avers that said rules are reasonable and necessary in order to enable it to retain control of its cars, prevent their being used as warehouses for the storage of freight, facilitate their movement and enable it to discharge its duties to the public; and that plaintiff, before the commencement of this suit, on, to wit, January 6, 1897, and before that time, had notice of said rules and notice that a car service charge of $1 per car per day would be collected by defendant for each day or fraction thereof a car was detained over forty-eight hours after being placed for unloading and the consignee notified thereof.

And the defendant avers that on January 24, A. D. 1897, it received at Peoria, Illinois, from North Bend, Washington, shipped January 7, A. D. 1897, a carload of red cedar shingles, loaded in B. & M. R. car No. 8718, consigned to plaintiff at Danville, Illinois, and that the same was by defendant taken into its trains and safely carried and transported over its lines

from Peoria, Illinois, to Danville, Illinois, and arrived at its point of destination at, to wit, 3:45 o'clock A. M., on January 25, 1897, and was, at 7 o'clock A. M. of January 25, 1897, by defendant placed on its team track, or unloading track, at Danville station ready for plaintiff to unload the same, and accessible for such purpose; and that at, to wit, 8 o'clock A. M. of January 25, A. D. 1897, plaintiff was notified that said car of shingles had arrived and been placed for unloading, and that if not unloaded within forty-eight hours from, to wit, 8 o'clock A. M. of January 25, A. D. 1897, defendant would collect from him a car service charge of $1 per day for every day or fraction thereof said car was detained by him over forty-eight hours by reason of not unloading the same.

And the defendant avers that plaintiff did not unload said car within forty-eight hours from and after, to wit, 8 o'clock A. M. of January 25, A. D. 1897, but failed and neglected so to do, and that afterward, on January 27, A. D. 1897, at, to wit, 9 o'clock A. M., said car still remaining unloaded, defendant notified plaintiff that under the rules aforesaid a charge of $1 for car service on said car had accrued to defendant for such detention over forty-eight hours, and that the same must be paid, and that plaintiff refused to pay the same and from thence hitherto has refused and failed to pay the same, and said sum of money yet remains due and unpaid.

And the defendant avers that the shingles mentioned and described in plaintiff's declaration are the same shingles contained in said car number 8718 aforesaid, and not other and different shingles whereby and by means of the premises the defendant, at the time when, etc., was entitled to detain the said shingles as and for security for the payment of said sum of money, to wit, $1, so due from the plaintiff to the defendant

for car service as aforesaid; wherefore the defendant did then and there detain the said shingles as it lawfully might for the cause aforesaid, which is the same detention in the said declaration above supposed; and this the defendant is ready to verify; wherefore it prays judgment, etc.

The court having sustained a general demurrer to the plea, the defendant elected to stand by it and withdrew the other pleas which he had filed. Thereupon the court rendered judgment in favor of the plaintiff for the property in question and against the defendant for costs.

H. M. STEELY, attorney for appellant.

Contended that railroad companies may adopt and enforce general rules, which are, or ought to be, known to their customers, and may make a reasonable charge for the unreasonable detention of their cars, and hold the contents thereof subject to a lien for such charges. Ky. Wagon Mfg. Co. v. O. & M. R'y Co., 98 Ky. 152; 32 S. W. Rep. 595; 12 Lewis R'y Rep. 48; Miller v. Georgia R. R. & B. Co., 88 Ga. 563; 30 Am. St. Rep. 170; 18 L. R. A. 323; Miller v. Mansfield, 112 Mass. 260; N. & W. R. R. Co. v. Adams, 90 Va. 393; 44 Am. St. Rep. 916; 22 L. R. A. 530; U. P. & D. C. R. R. Co. v. Cook (Col. 1892) and Notes, 22 L. R. A. 531; O. & M. R. R. Co. v. Bannon (Ky. 1892) Notes to 22 L. R. A. 531; M. L. S. & W. Co. v. Lynch (Wis. 1892) Notes to 22 L. R. A. 532; Goff v. Old Colony R. R. Co. (R. I. 1893) Notes to 22 L. R. A. 532; Rothschild v. C. & N. W. R. R. Co. (Iowa, 1887) R'y Com. Rep. 783, Notes to 22 L. R. A. 532; Davis v. M. K. & T. R. R. Co. (Kan. 1891) R'y Com. Rep. 21, Notes to 22 L. R. A. 532; Ky. Wagon Mfg. Co. v. L. & N. R. R. Co., 50 Am. and Eng. R. R. Cas. 90.

Railroad companies have a right to adopt rules for enforcing charges in the nature of demurrage for the unreasonable detention and use of cars for the storage of unloaded freight, by means of car service associations, and when such associations adopt and promulgate rules, which are accepted by them, they become the rules of the several railroad companies, and such organizations are not illegal. 4 Elliott on Railroads, Sec. 1568; Ky. Wagon Mfg. Co. v. C. & M. R'y Co., 98 Ky. 152; 32 S. W. Rep. 595; 12 Lewis R'y Rep. 48; Miller v. Mansfield, 112 Mass. 260; Miller v. Georgia R. R. & B. Co., 88 Ga. 563; 30 Am. St. Rep. 170; 18 L. R. A. 323; Beach, R'y Law, Sec. 924; U. P. & D. C. R. R. Co. v. Cook, 50 Am. and Eng. R. Cas. 89.

The reasonableness of such rules and regulations, and the manner of their enforcement in a given case, has by some courts been held to be a question of fact for the jury. But the better authority seems to be that it must be a question of law for the court to decide, if any fixed and permanent regulations are to be established, since one jury in a given case might pronounce the rule reasonable, while another jury in another case might decide the same rule to be unreasonable. 1 Elliott on Railroads, Sec. 202; I. C. R. R. Co. v. Whittemore, 43 Ill. 420; Chicago, etc., R. R. Co. v. McLallen, 84 Ill. 109; Maroney v. R. R. Co., 106 Mass. 153; Yorton v. R. R. Co., 54 Wis. 234; R. R. Co. v. Nuzum, 50 Ind. 141; Fertich v. Michener, 111 Ind. 472; R. R. Co. v. Rhoads, 25 Fla. 40; 23 Am. St. Rep. 506.

A railroad company has a right to terminate its liability as a common carrier by unloading and storing freight in its warehouse, thereby assuming the liability of a warehouseman, and have a lien for all storage charges. R. R. Co. v. Alexander, 20 Ill. 23; Richards v. R. R. Co., 20 Ill. 404; Porter v. R. R. Co., 20 Ill. 407; M. D. T. Co. v. Hallock, 64 Ill. 284; R. R. Co. v.

Friend, 64 Ill. 303; Anchor Line v. Knowles, 66 Ill. 150; Rothschild v. R. R. Co., 69 Ill. 164; Cahn v. R. R. Co., 71 Ill. 96; M. D. T. Co. v. Moore, 88 Ill. 136; Scheu v. Benedict, 116 N. Y. 510; M., Etc., R. R. Co. v. Prewitt, 46 Ala. 63.

And the rule is the same where goods are allowed to remain in the car, and the car is used by the consignee as a storage room or warehouse for his unloaded freight. Miller v. Mansfield, 112 Mass. 260; N. P. Co. v. B. & M. R. R. Co., 1 Gray, 263; Barker v. Brown, 138 Mass. 340; Miller v. Georgia R. R. & B. Co., 88 Ga. 563.

A charge by a railroad company, against a consignee, of $1 per car per day for every day that cars remain unloaded, after notice to the consignee of arrival, and lapse of two days in which to unload the same, is reasonable and valid.    Such a charge is neither a transportation, terminal charge or subterfuge for adding to the cost of transportation in excess of the rate fixed by law.    Miller v. Mansfield, 112 Mass. 260; Miller v. Georgia R. R. & B. Co., 88 Ga. 563; s. c., 30 Am. St. Rep. 170; 18 L. R. A. 323; N. & W. R. R. Co. v. Adams, 90 Va. 393; s. c., 44 Am. St. Rep. 916; 22 L. R. A. 530; U. P. R. R. Co. v. Cook, 50 Am. and Eng. R. Cas. 89; Ky. Wagon Mfg. Co. v. Louisville R. R. Co., 50 Am. and Eng. R. Cas. 90; Ky. Wagon Mfg. Co. v. O. & M. R'y, 98 Ky. 152; 32 S. W. Rep. 595; 12 Lewis R'y Rep. 48; Baumback v. Gulf, etc., R'y Co., Tex. Civ. App. 650; Crommelin v. N. Y., etc., R'y Co., 1 Abb. Ct. App. Dec. 472; 4 Elliott on Railroads, Sec. 1567; Beach on Railway Law, Sec. 924; Jones on Liens, Sec. 284; 4 Lawson's R. R. & P., Secs. 1831, 1832, p. 3146; Wood's R'y Law, 1592, 1593 and 1600; 2 Waterman, Law Corp. 245, 246; 2 Am. and Eng. Ency. of Law, 878–881; Redfield, Law R'ys [6 Ed.], 67–83; Barker v. Brown, 138 Mass. 340.

A railroad company may make reasonable rules and regulations for the convenient transaction of business between itself and those dealing with it, either as passenger or as shippers. N. & W. R. R. Co. v. Wysor, 82 Va. 250; N. & W. R. R. Co. v. Irvine, 84 Va. 553; Hodges on Railways, 553; Redfield on Railways, Sec. 28.

When a person or carrier has a lien on goods, even although he may claim a lien for more than he is entitled to, yet his lien will not be defeated unless the owner or party desiring the possession of the goods makes a tender of either the amount due or what he deems a reasonable amount. Russell v. Koehler, 66 Ill. 459; Hoyt v. Sprague, 61 Barb. 497; B. & L. H. R'y Co. v. Gordon, 16 U. C. L. B. 283; Lowenberg v. Ark. & L. R'y Co., 19 S. W. Rep. 1051; Schouler on Bailments, Sec. 125.

The liens of carriers and warehousemen are specific liens. Such liens have always been favored by the courts. Jones on Liens, Sec. 16; Green v. Farmer, 4 Burr. 2214; Jacobs v. Latour, 5 Bing. 130; Wilson v. Guyton, 4 Gill. 213.

A warehouseman's lien is a common law lien, and is a specific lien for the charges due upon the particular goods that have been stored. Jones on Liens, Sec. 967; Steinman v. Wilkins, 7 W. & S. (Pa.) 466; Scott v. Jester, 13 Ark. 437; s. c., 42 Am. Dec. 254, and notes.

Parties who are in the habit of patronizing a certain railroad line, and of receiving bills of lading in use, or using the same in shipping, are presumed to be familiar with their conditions, and to assent to the terms thereof. M. D. T. Co. v. Moore, 88 Ill. 138; Anchor Line v. Knowles, 66 Ill. 150; Am. Ex. Co. v. Schier, 55 Ill. 140; Grace v. Adams, 100 Mass. 505; Scaif v. Tobin, 3 B. & Ad. 523.

A carrier's liability ends where that of the owner,

consignee or warehouseman begins. R. R. Co. v. Warren, 16 Ill. 502.

While the ruling of the English courts has been that demurrage in maritime law exists only by express contract, yet in this country the courts have repeatedly declined to follow the ruling of the English common law courts on this subject, and have held that the ship-owner has a lien upon the cargo for demurrage, notwithstanding the absence of any stipulation or contract therefor in the bill of lading. 5 Am. and Eng. Ency. of Law, p. 546; Porter on Bills of Lading, Sec. 356; Huntley v. Dows, 55 Barb. 310; Hawgood v. 1310 Tons of Coal, 21 Fed. Rep. 681; Young v. 140,000 Hard Brick, 78 Fed. Rep. 149; Whitehouse v. Halstead, 90 Ill. 95; Ward v. Bemis, 32 Conn. 268.

A contract or condition in a bill of lading issued to the consignor of freight, or notice to him of the rules and regulations of the company in relation to storage, car service or detention charges, is binding upon the consignee. And this is true whether the consignor, at the time of shipment, was the owner of the freight, or acting simply as the agent of the consignee. Bank of Ky. v. Adams Ex. Co., 93 U. S. 174; Herr v. B. & P. R. R. Co., Supreme Court, District of Columbia, June 24, 1897; York v. Central R. R. Co., 3 Wall. 107; Nelson v. R. R. Co., 48 N. Y. 498; Shelton v. M. D. T. Co., 59 N. Y. 258; Squire v. R. R. Co., 98 Mass. 239; Barker v. Brown, 138 Mass. 340.

Where a defendant has lawfully a lien on goods for storage, although it may have delivered part of them without insisting upon it, as they constituted a single shipment, it has a right to retain the residue for the whole amount thereof; and the plaintiff can not maintain replevin for them. Barker v. Brown, 138 Mass. 340; Lans v. O., C. & F. R. R. Co., 14 Gray, 143; N. H. & N. Co. v. Campbell, 128 Mass. 104; Steinman

v. Wilkins, 7 W. & S. (Pa.) 466; 42 Am. Dec. 254; Schmidt v. Blood, 9 Wend. 268; 24 Am. Dec. 143; McFarland v. Wheeler, 26 Wend. 467; Leuckhart v. Cooper, 2 Hodg. 150; Buxton v. Baughman, 6 Car. & P. 674; Scott v. Jester, 8 Eng. (Ark.) 437; Low v. Martin, 18 Ill. 286.

O. A. McFarland, attorney for appellee.

Contended that the lien allowed the carrier by law extends only to his charges for the transportation of the goods, and does not include expenses for warehousing them, nor damages for the breach of collateral contracts, or covenants by the shipper, even when incorporated in the bill of lading; nor extend to the payment of port charges; nor damages for detention beyond the time fixed by the contract for receiving or loading or unloading the goods; nor to compensation for delay in the nature of demurrage. Hutchinson on Carriers (2 Ed.), Sec. 478.

Right to demurrage is said to be confined to carriers by water and not to extend to railroad companies. As to these it is held the right can exist only when created by contract. Hutchinson on Carriers (2 Ed.), Sec. 473; C. & N. W. R'y Co. v. Jenkins, 103 Ill. 588; Burlington & M. R. R. Co. v. Chicago Lumber Co., 15 Neb. 390.

Where the law gives no lien, neither party can create it without the consent or agreement of the other. C. & N. W. R'y Co. v. Jenkins, 103 Ill. 588; East. Tenn. R'y Co. v. Hunt, 15 Lea (Tenn.), 261; Crommelin v. The Railroad, 4 Keys, 90.

A railroad company is not entitled to charge demurrage for freight standing in its cars unless by virtue of contract or statutory law. Burlington & M. R. R. Co. v. Chicago Lumber Co., 15 Neb. 390.

Even if consignor and consignee had notice of the rules, unless they had agreed to be bound by them the rules could not create a lien. C. & N. W. R'y Co. v. Jenkins, 103 ill. 588.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

In its leading features this case is like The Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. S. Q. & E. C. Lamm, *post*, page 592. For the reasons set forth in the opinion in that case we think the judgment in this case should be affirmed. The Circuit Court was evidently governed by the holding of our Supreme Court in the Chicago & Northwestern Railway Company v. Jenkins, 103 Ill. 588. As we read the opinion in that case, we understand it to be the view of our Supreme Court that the right of demurrage does not attach to carriers by rail; that liens are only created by law or by contract of the parties; that when the law gives no lien, neither party can create it without the consent of the other; and that where a railroad company has established rules providing for demurrage and published them to the public, no such presumption will be indulged against a shipper that he consented to a charge for demurrage because at the time of shipment he understood what the rules were. We are of the opinion that the holding in that case is decisive of this one. Judgment affirmed.